UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISARA TIPENI (A-089-411-039),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATIO PROCESSING CENTER, et al,<br><br>Respondents. | No.  1:26-cv-3290 DAD CSK<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding without counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons discussed below, this Court recommends that respondents' motion to dismiss be granted.

## I.    FACTUAL BACKGROUND

Petitioner is a citizen and native of Samoa.  (ECF No. 10 at 10.)  On or about August 29, 2007, petitioner was accorded Lawful Permanent Resident Status.  (Id. at 37.)  On June 22, 2011, petitioner was convicted of felony assault with a deadly weapon in violation of California Penal Code § 245(a)(1).  (Id. at 16.)  On March 11, 2024, petitioner's felony conviction was reduced to a misdemeanor pursuant to California Penal Code § 17(b).  (Id. at 23.)  On December 23, 2025, petitioner arrived at the Los Angeles Airport and presented himself as a returning Lawful Permanent Resident.  (Id. at 11, 37.)  Immigration officials determined that petitioner was

1

convicted of violating California Penal Code § 245(a)(1).  (Id.)  Petitioner was taken into custody and served with a Notice to Appear charging him under Immigration and Nationality Act Section 212(a)(2)(A)(i)(l), 8 U.S.C. § 1182(a)(2)(A)(i)(l), as having been convicted of an act involving moral turpitude based on his conviction for violating California Penal Code § 245(a)(1).  (Id. at 11, 34-37.)  Petitioner's next hearing in immigration court is June 12, 2026.  (Id. at 39.)

## II.    PROCEDURAL BACKGROUND

On April 29, 2026, petitioner filed the petition for writ of habeas corpus in the United States District Court for the Central District of California.  (ECF No. 1.)  On April 29, 2026, this action was transferred from the Central District to the United States District Court for the Eastern District of California.  (ECF No. 5.)  On May 13, 2026, respondents timely filed a timely motion to dismiss.  (ECF No. 10.)  Petitioner did not file an opposition to the motion to dismiss.  (See Docket.)  Briefing is now complete.

## III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.  The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

Petitioner raises the following claims for relief. First, petitioner argues that he is subjected to mandatory detention in violation of his statutory rights and the Fifth Amendment due process clause. (ECF No. 1 at 5-6.) Second, petitioner argues that he is subjected to prolonged detention in violation of the Fifth Amendment due process clause. (Id. at 6.) Respondents argue that petitioner is detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c)(1) because petitioner's conviction for violating California Penal Code § 245(a)(1) renders him inadmissible and removable. (ECF No. 10 at 3-4.) Respondents further argue that this Court should find that because petitioner failed to seek a Joseph hearing in immigration court, petitioner failed to exhaust his administrative remedies and petitioner's claim challenging his mandatory detention should be dismissed. (Id. at 4 (citing Matter of Joseph, 22 I & N Dec. 799 (BIA 1999).) Respondents also argue that petitioner's detention is not prolonged because he has been detained since December 23, 2025 which, at the time of the filing of the motion to dismiss, was less than five months. (Id. at 6.)

### A. Mandatory Detention

Section 1226(c) mandates detention of any noncitizen who is inadmissible by reason of having committed any offense covered in 8 U.S.C § 1182(a)(2), which includes noncitizens convicted of a crime involving moral turpitude. 8 U.S.C. § 1226(c)(1)(A); 8 U.S.C. § 1182(a)(2)(A)(i)(l). A felony conviction for assault with a deadly weapon under California Penal Code § 245(a)(1) is a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(l). See Safaryan v. Barr, 975 F.3d 976, 981 (9th Cir. 2020).

Petitioner argues that because his felony conviction under California Penal Code § 245(a)(1) was reduced to a misdemeanor, he is not subject to mandatory detention. (ECF No. 1 at 5-6.) Respondents argue that petitioner is subject to mandatory detention regardless of whether

3

his felony conviction was reduced to a misdemeanor.  (ECF No. 10 at 3-4.)  Respondents also argue that petitioner failed to exhaust administrative remedies as to this claim.  (Id. at 4.)

Section 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus."  Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004).  However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."  Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  Because exhaustion is not required by statute, it is not jurisdictional.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)).  If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."  Id.  "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted).

Under the circumstances of this case, this Court finds that petitioner should not be excused from exhausting administrative remedies.  See Buckley v. Chestnut, 2026 WL 1030931, at *2-4 (E.D. Cal. Apr. 16, 2026) (court declined to waive the prudential exhaustion requirements because petitioner's appeal of his Matter of Jospeh hearing was pending).  At a Joseph hearing, petitioner "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention."  See Demore v. Kim, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)).  The Joseph hearing process enables petitioner to challenge his mandatory detention under § 1226(c), and the immigration court has the expertise necessary to develop the record and reach a proper decision.  Relaxing the exhaustion

4

requirement under these circumstances would encourage others to bypass the administrative exhaustion process. Finally, in this case administrative review is likely to allow the agency to correct its own mistakes and thus avoid the need for judicial review.

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). Petitioner has provided no argument as to why exhaustion should be excused under the circumstances of his case. Therefore, this Court finds that petitioner's claim challenging his mandatory detention should be denied without prejudice based on petitioner's failure to exhaust administrative remedies.

## B.    Prolonged Detention

For purposes of analyzing petitioner's prolonged detention claim, this Court assumes that petitioner is detained pursuant to § 1226(c). While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-0611 JLT SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . .

under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al., No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with

6

the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)).  At the time petitioner filed his petition and when respondents filed the motion to dismiss, petitioner had been detained a little over four months.  At the date these findings and recommendations are filed, petitioner has not been detained for over six months.

Because petitioner has been detained less than six months, this Court finds that petitioner does not yet have a protected liberty interest in freedom from detention.  Courts finding protected liberty interests in freedom from detention have based their findings on detention longer than six months.  See Pacheco v. Warden, 2026 WL 1067486, at *4 (E.D. Cal. Apr. 17, 2026), findings and recommendations adopted, 2026 WL 1169236 (E.D. Cal. Apr. 28, 2026) (finding petitioner detained for over one year pursuant to §1226(c) had protected liberty interest);  Lopez v. Warden, 2026 WL 834573, at * 3 (E.D. Cal. Mar. 26, 2026) (finding petitioner detained for over ten months pursuant to § 1226(c) had protected liberty interest); Palencia v. Warden, 2026 WL 818580, at *3 (E.D. Cal. Mar. 25, 2026), findings and recommendations adopted, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) (finding petitioner detained for over eight months pursuant to § 1226(c) had protected liberty interest); Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months).  Because petitioner has not demonstrated a liberty interest based on his detention, the petition for writ of habeas corpus should be denied.  See Rakeshkumar H.P. v. Warden, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026) (finding no liberty interest where petitioner detained for a little over two months pursuant to § 1226(c)).

**V.    CONCLUSION**

In summary, the Court recommends that respondent's motion to dismiss granted.

Accordingly, IT IS RECOMMENDED that:

1.  Respondents' motion to dismiss (ECF No. 10) be granted.

2.  The Clerk of the Court be directed to close this case and enter judgment for respondent.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen** days

7

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 17, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Tipe3290.imm.157/2